WILENTZ, GOLDMAN & SPITZER P.A.
Meridian Center 1
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------X
SUSAN RAUCH and DAVID RAUCH, her husband,

    Plaintiffs,

v.

WAL-MART STORES EAST, LP; J. DOE (A-Z) and R. ROE (A-Z),

    Defendants.
-------------------------------------------X

: TRENTON, NEW JERSEY

: Civil Action No. 3:09-cv-00348 (AET)

: **FIRST AMENDED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION OF COUNSEL**

Plaintiffs, SUSAN RAUCH and DAVID RAUCH, her husband, residing at 3 Revere Court, Morganville, Monmouth County, New Jersey, by way of First Amended Complaint against the defendant, says:

**FIRST COUNT**

1. On August 8, 2007, the plaintiff, Susan Rauch, was lawfully upon the premises of the Walmart SuperCenter Department Store located on Route 537 in Freehold, New Jersey.

#3217259 (150142.001)

2. At all times relevant hereto, Wal-Mart SuperCenter Department Store is owned by Wal-Mart Stores East, LP, and/or R. Roe (A-Z) (a fictitious name for a legal entity whose identity is presently unknown).

3. On or about the aforesaid time and place, the defendant, Wal-Mart Stores East, LP, d/b/a Wal-Mart SuperCenter Department Store, and/or J. Doe (A-Z) (a fictitious name for a legal entity whose identity is presently unknown) was the landlord, owner, occupant, lessor, lessee, tenant of the commercial property known as Wal-Mart SuperCenter Department Store located on Route 537 in Freehold, New Jersey.

4. At the aforesaid time and place, a dangerous and hazardous condition then and there existed in the aforesaid commercial premises.

5. The aforesaid defendants negligently failed and improperly maintained, inspected, and repaired the subject premises and/or negligently failed to warn the plaintiff of the hazardous and dangerous condition which then and there existed and/or was otherwise negligent in the maintenance of the commercial property.

6. As a result of the aforesaid negligence of the defendants, the plaintiff was caused to trip and fall.

7. As a result of the defendants' tortious acts and omissions, the plaintiff sustained severe and permanent injuries, has suffered and continues to suffer pain and disability, has been caused to expend diverse sums of money for medical care and treatment and has sustained other damages and losses for which this lawsuit is maintained.

WHEREFORE, plaintiffs demand judgment be entered against the defendants for damages, together with interest, attorneys' fees and costs of suit.

**SECOND COUNT**

1. Plaintiffs repeat the allegations from the prior Count as if set forth at length herein.

2. As a result of the injuries sustained, the plaintiff, Susan Rauch, has suffered and continues to suffer a diminution in quality of life.

WHEREFORE, plaintiffs demand judgment be entered against the defendants for damages, together with interest, attorneys fees' and costs of suit.

**THIRD COUNT**

1. Plaintiffs repeat the allegations of the prior Counts as set forth at length herein.

2. At all times relevant hereto, the plaintiff, Susan Rauch, was married to and resided with the plaintiff, David Rauch.

3. As a result of the injuries sustained by Susan Rauch, the plaintiff David Rauch has been deprived of the society and services of his wife.

WHEREFORE, plaintiffs demand judgment be entered against the defendants for damages, together with interest, attorneys' fees, and costs of suit.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of six as to all issues.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Barry A. Cooke, Esq. is hereby designated as trial counsel for the plaintiffs in the within matter.

**CERTIFICATION OF COUNSEL**

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge and belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the within action for which these plaintiffs need further discovery to determine the specific indemnification of said parties. Further, it is presently unknown whether or not there are any other litigations pending between the parties named herein.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiffs

BY:_____
BARRY A. COOKE, ESQ.

DATED: October 6, 2009